IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM R. PILKEY,        :  | | CIVIL ACTION |
| Petitioner                      : | | |
| v.                                   : | | |
|                                        : | | |
| FDC PHILADELPHIA,      : | | NO. 07-1528 |
| Respondent.                  : | | |

**MEMORANDUM AND ORDER**

GENE E.K. PRATTER, J.                                                                                          MAY 15, 2007

William R. Pilkey has filed a petition pursuant to 28 U.S.C. § 2241 challenging the imposition by the United States District Court for the Eastern District of Tennessee of his 136 month sentence for violation of federal drug laws, and his 15 month sentence for violation of his supervised release.

In 2001, Mr. Pilkey pleaded guilty to conspiring to distribute a mixture containing methamphetamine. According to the Petition, on April 5, 2002, Mr. Pilkey was sentenced to 136 months incarceration for violation of 21 U.S.C. § 841(b)(1)(a) and 21 U.S.C. § 846, and 15 months incarceration for violation of his supervised release. Mr. Pilkey now attacks the legality of the calculation of his sentence on three grounds: (1) that he did not knowingly and voluntarily waive his objections to the pre-sentence report; (2) that the two-point enhancement to his sentence for possession of a firearm was improper; and (3) that the district court erred in adopting the factual predicate of the pre-sentence report. Mr. Pilkey attacks the validity of his conviction on the ground that he is actually innocent because he was selling psuedoephedrine and not methamphetamine. Regarding the supervised release violation, Mr. Pilkey alleges that the imposition of the 15 month sentence violated Rule 32.1 of the Federal Rules of Criminal Procedure because he was not taken immediately before a magistrate judge upon his violation,

and because the court misapplied the sentencing guidelines.[1]

The Court will not consider the merits of the Petition because this Petition is properly characterized as one seeking relief pursuant to § 2255 and not § 2241, and must be filed in the court that imposed Mr. Pilkey's sentence.

Section 2255 is the "presumptive means" for a federal prisoner to challenge the legality of his sentence or conviction, as Mr. Pilkey does in this instance, and § 2255 petitions must be filed in the court where the sentence was imposed.[2]  Kennedy v. Miner, 2007 WL 1148299, at *1 (3d Cir. 2007) (citing Okereke v. United States, 307 F.3d 117, 120 (3d Cir.2002); United States v. Miller, 197 F.3d 644, 648 n. 2 (3d Cir. 1999)).  Conversely, where a petitioner wishes to challenge the *execution* or *manner* of his sentence, he must file a petition under § 2241 in the custodial court.  Martinez Diaz v. Olsen, 110 F. Supp. 2d 295, 298-299 (D.N.J. 2000) (citing Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977)).

---

[1] It appears that Mr. Pilkey filed a direct appeal of his guilty plea and sentence, which was denied by the Sixth Circuit Court of Appeals on February 10, 2003.  United States v. Pilkey, 55 F. App'x 744 (6th Cir. 2003).  On September 17, 2004 Mr. Pilkey filed a motion to vacate, set aside or correct his sentence pursuant to § 2255, as amended in October 2004, in the United States District Court for the Eastern District of Tennessee.  Pilkey v. United States, 2006 WL 1462495 (E.D. Tenn. May 23, 2006).  In this petition, Mr. Pilkey raised the same issues regarding his conviction that he presently seeks to address, except for the issue he now raises regarding the acceptance by the court of the factual predicate of the pre-sentence report. The court denied the motion and declined to issue a certificate of appealability because Mr. Pilkey had not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c).  Id. at *12.  Mr. Pilkey attacks the imposition of his supervised release violation for the first time in the present Petition.

[2] Section 2255 provides, in part, that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention" 28 U.S.C. § 2255.

In Martinez Diaz, 110 F. Supp. 2d at 299, the court reviewed the distinctive purposes of § 2255 and § 2241.  Claims properly brought pursuant to § 2255 include those of ineffective assistance of counsel, misapplication of the sentencing guidelines or the constitutionality of the conviction.  Id.  (citing United States v. DeRewal, 10 F.3d 100 (3d Cir. 1993) (asserting ineffective assistance of counsel claim under § 2255); Garcia v. United States, 15 F. Supp. 2d 367, 374 (S.D.N.Y.1998) (recognizing that relief under § 2255 is available for constitutional errors); United States v. Marmolejos, 140 F.3d 488 (3d Cir. 1998) (attacking the misapplication of the sentencing guidelines under a § 2255 motion)).  Alternatively, § 2241 claims properly concern a prisoner's incarceration after the fact of trial and sentencing, including continued incarceration after the scheduled release date, parole hearing issues, or misconduct within the prison system.  Id.  (citing Liebman & Hertz, Federal Habeas Corpus Practice and Procedure, vol. 2, 1184-1190 ((2d Ed.)).

In a broader context, however, a petition may be brought pursuant to § 2241 only where a § 2255 motion would be "inadequate or ineffective."  In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).  In Kennedy, our court of appeals reiterated this circumstance as that where "the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." 2007 WL 1148299, at *1 (quoting Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002)).  The mere fact that a petitioner previously filed a § 2255 motion that was denied as untimely, or denied substantively, and thus faces the strict gatekeeping requirements that apply to second or successive § 2255 motions, or that he failed to wage a collateral attack upon his conviction or sentence, does not render § 2255 inadequate or ineffective. Id. (citing Dorsainvil, 119 F.3d at

251).

It appears that Mr. Pilkey levies such arguments to try to persuade this Court to consider his Petition pursuant to § 2241.  Mr. Pilkey explains that he seeks redress pursuant to § 2241 because he failed to file a direct appeal, and failed to collaterally attack his sentence for his supervised release violation via a § 2255 petition, within the proper time constraints.  He claims that his failures are due largely to broken promises by his former counsel, and his ignorance of certain facts and law relating to his sentencing.  Regarding his renewed challenge to his conviction and sentence for violating drug laws, Mr. Pilkey argues that § 2241 is his last and only resort, and thus it is the proper avenue to pursue because he was unable to obtain relief via § 2255.

As in Kennedy, the legislative limitations (either the statute of limitations or gatekeeping provisions) placed on § 2255 proceedings simply do not render the § 2255 remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition by Mr. Pilkey in this court. 2007 WL 1148299, at *1 (citing United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251)).

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  Johnson v. Apker, 2005 WL 1162461, *1-2  (M.D. Pa. 2005), aff'd, Johnson v. Apker, 142 F. App'x 604 (3d Cir. 2005) (citing Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979)).  "Rule 4 provides in pertinent part: 'If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the

district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.'" Id. at *2. A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . ." Id. (quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970), cert. denied, 400 U.S. 906, 91 S. Ct. 147, 27 L. Ed. 2d 143 (1970)). In fact, "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." Id. (quoting Allen, 424 F.2d at 141).

Because it appears from the face of the Petition that Mr. Pilkey's claims must be brought pursuant to 28 U.S.C. § 2255 in the court where his conviction or sentence was imposed, subject to the gatekeeping requirements for second or successive petitions, the Court will dismiss Mr. Pilkey's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and leave to Mr. Pilkey the task of seeking redress in the proper jurisdiction.

BY THE COURT:


S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM R. PILKEY, | : | CIVIL ACTION |
| Petitioner | : | |
| v. | : | |
| | : | |
| FDC PHILADELPHIA, | : | NO. 07-1528 |
| Respondent. | : | |

### ORDER

**AND NOW**, this 15th day of May 2007, **IT IS HEREBY ORDERED** that:

(1) Petitioner is granted provisional leave to proceed <u>in forma pauperis</u> in this matter for the purpose of this Order only; and

(2) This Civil Action is **DISMISSED WITHOUT PREJUDICE** to Petitioner refiling his Petition pursuant to 28 U.S.C. § 2255 in a court that may properly assert venue over the matter, and subject to 28 U.S.C. § 2244; and

(3) The Clerk of the Court shall mark this matter as **CLOSED** for statistical and all other purposes.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE